1  Jay S. Kopelowitz (149652)
   KOPELOWITZ & ASSOCIATES
2  12702 Via Cortina, Suite 700
   Del Mar, CA 92014
3  Tel: (877) 755-7997

4  Darren J. Quinn (149679)
   LAW OFFICES OF DARREN J. QUINN
5  12702 Via Cortina, Suite 105
   Del Mar, CA 92014
6  Tel: (858) 509-9401

7  *Attorneys for Plaintiff Seasalt Del Mar, LP*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEASALT DEL MAR, LP, a California limited partnership,<br><br>Plaintiff,<br><br>vs.<br><br>FIVE GREEKS LLC, a California limited liability company d/b/a BEESALT BALCONY,<br><br>Defendant. | CASE NO. **'16CV0601 JAH KSC**<br><br>**COMPLAINT**<br><br>1. Federal Unfair Competition and False Designation of Origin [15 U.S.C. §1125(a)]<br><br>2. Federal Unfair Competition and False Or Misleading Description or Representation [15 U.S.C. §1125(a)]<br><br>3. California Trademark Infringement [Cal. Bus. & Prof. Code §14200, *et seq.*]<br><br>4. California Statutory Unfair Competition [Cal. Bus. & Prof. Code §17200 *et seq*]<br><br>5. Common Law Unfair Competition<br><br>**DEMAND FOR A JURY TRIAL** |

Plaintiff makes the following allegations on information and belief.

## JURISDICTION AND VENUE

1. This is a civil action for trademark claims arising under the trademark laws of the United States (15 U.S.C. §§1051, *et seq)*; the trademark laws of California (Cal Bus & Prof Code §14200, *et seq.*); common law trademark law, federal unfair competition laws, California unfair competition law, and common law unfair competition.

2. This Court has jurisdiction of this action under 28 U.S.C. §1331(federal question), 28 U.S.C. §1338 (original jurisdiction relating to trademarks) and 15 U.S.C. §1121(trademarks).

3. This Court has jurisdiction over the supplemental claims arising under state law pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1367(a).

4. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district and because a substantial part of the property that is the subject of the action is situated in this district.

## THE PARTIES

5. Plaintiff Seasalt Del Mar, LP (hereinafter "SEASALT") is a California limited partnership with its principal place of business in the Southern District of California.

6. Defendant Five Greeks LLC (hereinafter "FIVE GREEKS") is a California limited liability company with its principal place of business in the Southern District of California. Defendant FIVE GREEKS does business under the fictitious business name Beesalt Balcony and/or Beesalt. On information and belief, defendant FIVE GREEKS has marketed products and/or services in the Southern District of California.

## FACTUAL BACKGROUND

7. Plaintiff SEASALT owns and operates a seafood bistro restaurant in

Del Mar, California. Plaintiff has been in business since February 2015.

8. Plaintiff has continuously used the mark SEASALT DEL MAR in connection with restaurant, bar and catering services since at least February 2015.

9. Plaintiff has marketed and provided restaurant, bar and catering services in the Del Mar, La Jolla, Solana Beach, Cardiff, Encinitas, Rancho Santa Fe, Leucadia, Fairbanks Ranch, Rancho Penasquitos, Scripps Ranch, Poway, Rancho Bernardo and San Diego, California areas and has acquired and/or maintained common law trademark rights in those areas.

10. Plaintiff has a California service mark registration for "SEASALT DEL MAR" for "Restaurant, Bar and Catering Services;" Registration Number 69806 issued April 14, 2015.

11. In or about late January 2016, plantiff discovered that defendant opened a new restaurant in Del Mar, California called "Beesalt Balcony," which is located exactly two miles from plantiff SEASALT's restaurant location. Defendant is using exterior signage and a website at www.beesaltbalcony.com to promote its restaurant. On information and belief, defendant is also using other forms of advertising and marketing to promote the Beesalt Balcony name.

**FIRST CAUSE OF ACTION**
**(Federal Unfair Competition)**
**(False Designation of Origin)**
**(15 U.S.C. §1125(a))**

12. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 11 of the Complaint.

13. Defendant has used the word "BEESALT" in commerce on or in connection with goods or services, including on defendant's website www.beesaltbalcony.com and on signage and advertisements for restaurant goods and/or services.

    a. Defendant's use in commerce of the word "BEESALT" constitutes a false designation of origin.

  b. Defendant's use in commerce of the word "BEESALT" constitutes a false or misleading description of fact, or false or misleading representation of fact.

14. Defendant's use of the word "BEESALT" is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with plaintiff.

15. Defendant's use of the word "BEESALT" is likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of defendant's goods or services.

16. Defendant's use of the word "BEESALT" in commercial advertising or promotion misrepresents the nature, characteristics, qualities, or geographic origin of defendant's and/or plaintiff's goods, services, or commercial activities.

17. Plaintiff believes that it has been or is likely to be damaged by defendant's use of the word BEESALT.

18. Pursuant to 15 U.S.C. §1116, plaintiff requests an injunction against defendant to prevent the violation of 15 U.S.C. §1125(a) and directing the defendant to file with the court and serve on the plaintiff a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction.

19. Pursuant to 15 U.S.C §1117, plaintiff is entitled to recover
  a. defendant's profits;
  b. any damages sustained by the plaintiff;
  c. treble damages or profits;
  d. the costs of the action;
  e. reasonable attorney fees.

## SECOND CAUSE OF ACTION
### (Federal Unfair Competition)
### (False Or Misleading Description Or Representation of Fact)
### (15 U.S.C. §1125(a))

20. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 19 of the Complaint.

21. Defendant in connection with its goods or services has used and continues to use a false or misleading description of fact or a false or misleading representation of fact which:

    a. is likely to cause confusion, or to cause mistake, or to deceive as to the commercial activities by another person, or

    b. misrepresents the nature, characteristics or qualities of defendant's or plaintiff's goods, services, or commercial activities.

22. Plaintiff believes that it has been or is likely to be damaged by defendant's use of false or misleading descriptions or representations of fact.

23. Pursuant to 15 U.S.C. §1116, plaintiff requests an injunction against defendant to prevent the violation of 15 U.S.C. §1125(a) and directing the defendant to file with the court and serve on the plaintiff a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction.

24. Pursuant to 15 U.S.C §1117, plaintiff is entitled to recover

    a. defendant's profits;

    b. any damages sustained by the plaintiff;

    c. treble damages or profits;

    d. the costs of the action;

    e. reasonable attorney fees.

## THIRD CAUSE OF ACTION
### (California Trademark Infringement)
### (Cal. Bus. & Prof. Code §14200, *et seq.*)

25. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 24 of the Complaint.

26. This cause of action is brought pursuant to Cal. Bus. & Prof. Code §14200, *et seq.*

27. Plaintiff has a Certificate of Registration of Trademark for the words "SEASALT DEL MAR" for International Class No. 43. This registration states, the "Description of Services with which the Service Mark is Used: Restaurant, bar and catering services."

28. Defendant has used and is using, without the consent of the plaintiff, a reproduction, counterfeit, copy, or colorable imitation of plaintiff's registered SEASALT DEL MAR service mark in connection with the sale, offering for sale, or advertising of defendant's goods or services on or in connection with which that use is likely to cause confusion or mistake or to deceive as to the source of origin of those goods or services.

29. Defendant is currently reproducing, counterfeiting, copying, or colorably imitating plaintiff's registered SEASALT DEL MAR service mark and applying that reproduction, counterfeit, copy, or colorable imitation to defendant's menus, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in conjunction with the sale or other distribution in this state of defendant's goods or services. Defendant committed these acts with knowledge that defendant's use of the name BEESALT as a mark was intended to be used to cause confusion or mistake or to deceive.

30. There is a likelihood of injury to business reputation of plaintiff or of dilution of the distinctive quality of plaintiff's registered SEASALT DEL MAR mark, or plaintiff's common law mark, or plaintiff's trade name valid at common law notwithstanding any absence of competition between the parties or the absence of confusion as to the source of goods or services.

31. Defendant currently uses or unlawfully infringes upon plaintiff's registered SEASALT DEL MAR service mark without prior consent of plaintiff.

32. Defendant has not adopted and lawfully used plaintiff's SEASALT DEL MAR registered service mark prior to the effective date of plaintiff's registration.

33. Defendant's use of "BEESALT" on defendant's goods or services is counterfeit. Defendant is using "BEESALT" as a spurious mark which is nearly identical with, or substantially indistinguishable from, plaintiff's registered "SEASALT DEL MAR" mark and which is used on or in connection with goods or services for which plaintiff's genuine "SEASALT DEL MAR" mark is registered.

34. Pursuant to Cal. Bus. & Prof. Code §14340, plaintiff is entitled to:

    a. An order to enjoin defendant from the manufacture, use, display, or sale of any counterfeits thereof of plaintiff's registered SEASALT DEL MAR service mark;

    b. Defendant to pay to plaintiff up to three times defendant's profits and up to three times all damages suffered by plaintiff by reason of the wrongful use, display, or sale of goods or services utilizing plaintiff's registered SEASALT DEL MAR service mark;

    c. The destruction of defendant's counterfeit BEESALT marks, all means of making the marks, and all goods, articles, or other matter bearing the marks, which are in the possession or control of the court or any party to the action;

**FOURTH CAUSE OF ACTION**
**Statutory Unfair Competition)**
**(Cal. Bus. & Prof. Code §17200, *et seq.*)**

35. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 34 of the Complaint.

36. This cause of action is brought pursuant to Cal. Bus. & Prof. Code §17200, *et seq*.

37. Defendant has committed and continues to commit an unlawful, unfair or fraudulent business act or practice within the meaning of Cal. Bus. & Prof. Code §17200.

38. Defendant engaged and continues to engage in unfair, deceptive, untrue or misleading advertising within the meaning of Cal. Bus. & Prof. Code §17200.

39. Defendant has committed and continues to commit an act prohibited by Cal. Bus. & Prof. Code §17500.

40. Pursuant to Cal. Bus. & Prof. Code §17203, plaintiff seeks:

    a. Such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by defendant of any practice which constitutes unfair competition;

    b. Restitution to plaintiff of any money or property, real or personal, which may have been acquired by means of defendant's unfair competition.

## FIFTH CAUSE OF ACTION
### (Common Law Trademark Infringement)

41. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 40 of the Complaint.

42. In addition to plaintiff's rights under federal law, plaintiff has valid and existing state law rights with respect to the mark SEASALT DEL MAR.

43. Plaintiff has built up valuable goodwill in the mark SEASALT DEL MAR.

44. Plaintiff's mark SEASALT DEL MAR has acquired secondary meaning such that consumers associate the mark with plaintiff.

45. Defendant's use of the word BEESALT is likely to cause confusion, mistake and deception in the public as to the source origin, sponsorship endorsement or affiliation of plaintiff's goods and services.

46. Defendant continues to engage in its wrongful conduct with knowledge that its conduct is intended to cause confusion, mistake or deception.

47. Defendant's use of the words BEESALT on products or services is in violation of plaintiff's common law trademark rights and has caused or is likely to continue to cause damage to plaintiff by tarnishing the valuable reputation and image associated with plaintiff and its goods and services.

48. Defendant further has passed off its goods or services as those of plaintiff by its misleading representations to the consuming public.

49. Members of the consuming public are likely to and do believe that defendant's restaurant is associated or affiliated with plaintiff's restaurant.

50. As a direct and proximate result of defendant's wrongful conduct, defendant has caused plaintiff irreparable harm and injury.

51. Defendant acted with oppression, fraud or malice as a result of the above conduct allowing plaintiff to recover punitive damages for the sake of example and by way of punishing defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff SEASALT prays for judgment and relief on all causes of action as more specifically detailed in each cause of action against defendant as follows:

1. Plaintiff recover damages in an amount to be proven at trial;

2. Plaintiff recover defendant's profits in an amount to be proven at trial;

3. Plaintiff recover up to treble damages and/or profits as allowed by statute in an amount to be proven at trial;

4. Plaintiff recovers punitive damages against defendant in an amount appropriate to punish or make an example of defendant;

5. A constructive trust over all monies paid to defendant (which monies are traceable to the defendant who is the current possessor and trustee of such

funds) to prevent unjust enrichment by defendant and to avoid dissipation and/or fraudulent transfers of such monies by the defendant;

6. An injunction against defendant to prevent the violation of 15 U.S.C. §1125(a);

7. An injunction pursuant to Cal. Bus. & Prof. Code §14340;

8. An order enjoining the defendant from continuing to engage, use, or employ any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code;

9. Restitution to plaintiff of any money or property, real or personal, which may have been acquired by means of defendant's unfair competition

10. Attorney fees pursuant to, *inter alia*, 15 U.S.C. §1117 and California Code of Civil Procedure §1021.5;

11. Costs of this suit;

12. Pre-judgment and post-judgment interest, as permitted by the court or under statute; and such other and further relief as the court may deem necessary or appropriate.

Dated: March 9, 2016                    Respectfully submitted,

                                         LAW OFFICES OF DARREN J. QUINN
                                         DARREN J. QUINN

                                         s/s Darren J. Quinn
                                            Darren J. Quinn

                                         12702 Via Cortina, Suite 105
                                       Del Mar, CA 92014
                                       Telephone: (858) 509-9401

                                       Jay S. Kopelowitz
                                       KOPELOWITZ & ASSOCIATES
                                       12702 Via Cortina, Suite 700
                                       Del Mar, CA 92014
                                       Tel: (877) 755-7997

                                       *Attorneys for Plaintiff*

# DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all causes of action so triable.

Dated: March 9, 2016

Respectfully submitted,

LAW OFFICES OF DARREN J. QUINN
DARREN J. QUINN

_____s/s Darren J. Quinn_____
Darren J. Quinn

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: (858) 509-9401

Jay S. Kopelowitz
KOPELOWITZ & ASSOCIATES
12702 Via Cortina, Suite 700
Del Mar, CA 92014
Tel: (877) 755-7997

*Attorneys for Plaintiff*