Hahn Loeser & Parks LLP
Michael J. Gleason (SBN 279434)
Kyle T. Overs (SBN 286158)
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Telephone: 619.810.4300
Facsimile: 619.810.4301
mgleason@hahnlaw.com
kovers@hahnlaw.com

Attorneys for Nane Jan, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEASALT DEL MAR, LP, a California limited partnership,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FIVE GREEKS LLC, a California limited liability company d/b/a BEESALT BALCONY,<br><br>　　　　　　　Defendant<br><br>　and<br><br>NANE JAN, LLC, a Florida limited liability company,<br><br>　　　　　　　Third Party Intervenor. | Case No. 3:16-CV-601-JAH-KSC<br><br>**NANE JAN, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE UNDER FED. R. CIV. P. 24**<br><br>**Hon. John A. Houston**<br><br>Courtroom:　　13B<br>Hearing Date:　August 15, 2016<br>Hearing Time:　2:30 p.m. |

16cv601

NANE JAN, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE UNDER FED. R. CIV. P. 24

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..........................................................................................ii
I.    STATEMENT OF FACTS ................................................................................1
II.   LEGAL PRINCIPLES.......................................................................................4
III.  ARGUMENT......................................................................................................5
        A.    Intervention As A Matter Of Right Is Warranted. .................................5
             1.    Nane Jan Has A Significant Protectable Interest In Property That Is The Subject Of The Action. ......................................................6
             2.    Disposition Of This Case May Impede Nane Jan's Ability To Protect Its Trademark Interests In California. ...............................7
             3.    Nane Jan's Motion To Intervene Is Timely. ...................................8
             4.    The Existing Parties Do Not Adequately Represent Nane Jan's Interests. ........................................................................................8
        B.    Alternatively, Permissive Intervention Is Appropriate. ...........................9
IV.  CONCLUSION ................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arakaki v. Cayetano*, 324 F.3d 1078 (9th Cir. 2003) ....................................................9

*Chamness v. Bowen*, 722 F.3d 1110 (9th Cir. 2013) ....................................................4

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) ....................................................................................................................7

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ...............................................4, 9

*United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928 (2009) ..........................4

*Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489 (9th Cir. 1995) ....................................................................................................8

*Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836 (9th Cir. 2011) ....................................................................................................................9

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002) .........................4

*Cal. ex rel. Lockyer v. United States*, 450 F.3d 436 (9th Cir. 2006) ........................6, 7

*N. Cal. River Watch v. Fluor Corp.*, 2014 WL 3385287 (N.D. Cal. July 9, 2014) ....................................................................................................................8

*Nane Jan v. Seasalt and Pepper*, 2014 WL 5177655 (M.D. Fla. 2014) .......................2

*Reich v. ABC/York–Estes Corp.*, 64 F.3d 316 (7th Cir. 1995) .....................................5

*Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001) .................5, 7

*United States v. Alisal Water Corp.*, 370 F.3d 915 (9th Cir. 2004) .............................8

*United States v. Oregon*, 745 F.2d 550 (9th Cir. 1984) ...............................................8

**Statutes**

15 U.S.C.A. § 1115(a) ...............................................................................................5, 6

15 U.S.C. § 1121 .......................................................................................................6, 9

28 U.S.C. § 1331 ...........................................................................................................9

28 U.S.C. § 1338 ...........................................................................................................9

28 U.S.C. § 1367 ...........................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 24 ...............................................................................................1, 4, 8, 9

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Nane Jan, LLC ("Nane Jan"), through its undersigned counsel, hereby submits its memorandum of points and authorities in support of its Motion for Leave to Intervene Under Fed. R. Civ. P. 24 as a third party plaintiff in this action. Pursuant to Fed. R. Civ. P. 24(c), Nane Jan's proposed Civil Complaint also accompanies this memorandum of points and authorities.

## I.   STATEMENT OF FACTS

Nane Jan owns and operates "Sea Salt," a contemporary seafood cuisine restaurant with locations in Naples and St. Petersburg, Florida that opened in November 2008 to both critical and public acclaim. Compl. ¶ 6. Florida is a prime vacation destination for retirees who migrate to locations such as Naples and St. Petersburg for its warm winter weather; the population of Naples, in particular, can increase over twenty (20) percent during the winter months, with nearly all of the city's visitors having a permanent residence in other states. Compl. ¶ 7.  As a result, Nane Jan's purchasing buyer class for the bar and restaurant services offered at Nane Jan's Florida Sea Salt restaurants are very ambulatory. Compl. ¶¶ 11, 17. The transitory nature of Nane Jan's customers, in conjunction with Nane Jan's national advertising campaigns, have carried the reputation of the Sea Salt restaurant across the nation. Compl. ¶ 17. Nane Jan's Sea Salt restaurant has received a number of national and regional accolades since opening including, but not limited to, Wine Spectator's *Award of Excellence* from 2009-2013, Esquire Magazine's Best New Restaurant 2009, Grub Street New York's "*101 of America's Most Delicious Noodle Dishes*" in 2011, Gulfshore Life Magazine's "*Best VIP Dining Service*" in 2011, and Gulfshore Life Magazine's "*Best Overall Restaurant*" in 2010. Compl. ¶ 19. Additionally, Sea Salt's chefs and management are experienced and nationally recognized restaurateurs—who owned and operated restaurants of the highest caliber in Italy, the Caribbean, and Washington, D.C. prior to opening Sea Salt in 2008—whose outstanding culinary creations have been honored with prestigious recognition such as the AAA Five Diamond Award and DiRoNa Award. Compl. ¶ 10.

Nane Jan has made continuous use of the trademark SEA SALT (the "SEA SALT Mark") in association with its restaurant and bar services since November 15, 2008, and has expended substantial sums of money and time in the nationwide development, advertising, and promotion of the SEA SALT Mark. Compl. ¶¶ 12-16. As a consequence, the SEA SALT Mark has achieved substantial nationwide recognition and reputation within the restaurant industry and has come to be recognized and relied upon as originating exclusively with the Sea Salt restaurant and being of a very high quality. Compl. ¶ 18.

To protect its valuable trademark rights, and associated reputation and goodwill, Nane Jan registered its SEA SALT Mark in Florida on December 30, 2008 (Trademark Registration No. T08000001417). Nane Jan's SEA SALT Mark was subsequently registered with the United States Patent and Trademark Office on March 12, 2013 for use in association with "bar and restaurant services" (U.S. Trademark Registration No. 4,299,923).[1] Compl. ¶ 14, and Ex. 1 thereto.  These trademark registrations remain valid and enforceable, and Nane Jan is the owner of all right title and interest to nationwide use of the SEA SALT® Mark in association with restaurant and bar services. Compl. ¶ 23.

Nane Jan rigorously enforces its rights in the SEA SALT® Mark in order to ensure that its national reputation, and the quality of goods and services offered under the SEA SALT® Mark, remain of the highest quality. Nane Jan's enforcement efforts include, but are certainly not limited to, federal trademark litigation. For example, in *Nane Jan v. Seasalt and Pepper*, 2014 WL 5177655 (M.D. Fla. 2014), Nane Jan obtained a preliminary injunction preventing a Miami-based restaurant from operating under the name "Seasalt and Pepper," after the Court concluded that the name was confusingly similar and likely to cause damage to Nane Jan's reputation. Compl. ¶¶ 21-22.  In numerous other instances, Nane Jan has worked, and continues

---

[1] The phrase "SEA SALT" is hereinafter used to describe Plaintiff's federal, state and common law trademarks.

to work, with restaurants across the nation to modify or change their restaurant names in order to avoid marketplace confusion.

In February 2016, it came to Nane Jan's attention that a California restaurant had begun offering seafood restaurant and bar services under the name "SEASALT DEL MAR." Compl. ¶ 24. Specifically, Nane Jan was contacted by the attorney for Five Greeks, LLC (Defendant in the above-captioned case), who advised that it had received a cease and desist letter from Seasalt Del Mar, LP (Plaintiff in the above-captioned case) demanding that it discontinue operation of its restaurant under the name "Beesalt Balcony" because it infringed on Seasalt Del Mar's California Trademark Registration. Five Greeks subsequently informed Seasalt Del Mar of Nane Jan's federal trademark registration.

Nane Jan's earliest use of the SEA SALT® Mark is indisputably earlier than Seasalt Del Mar. Nane Jan's U.S. Trademark Registration No. 4,299,923 lists a date of first use in commerce of November 15, 2008, whereas Seasalt Del Mar's California State Trademark Registration No. asserted a date of first use of February 9, 2015—over six years *after* Nane Jan commenced its use of the mark, and national advertising campaign of the mark, that resulted in widespread marketplace recognition. Moreover, since at least as early as March 12, 2013, Seasalt Del Mar had constructive notice of Nane Jan's exclusive right to use the SEA SALT® mark by virtue of its Principal Register federal trademark registration.

On March 9, 2016, in spite of having actual and constructive notice of Nane Jan's exclusive nationwide rights in the SEA SALT® mark, Plaintiff Seasalt Del Mar filed the above-captioned lawsuit against Defendant Five Greeks, asserting false designation of origin, state and federal unfair competition, and state and common law trademark infringement claims. Compl. ¶ 34. On April 15, 2016, the undersigned sent Seasalt Del Mar correspondence detailing Nane Jan's extensive and long-standing use and registration of the SEA SALT® mark, advising that the name "SEASALT DEL MAR" infringes its registered SEA SALT® mark, and demanding that Plaintiff

1 change its business name or face cancellation of its California registration and a
2 federal trademark infringement lawsuit. Compl. ¶ 36, and Ex. 4 thereto. Although
3 counsel for Nane Jan and Seasalt Del Mar engaged in a substantive discussion about
4 the merits of the dispute, Seasalt Del Mar refused to change its name and continues to
5 willfully infringe upon Nane Jan's federally registered trademark. Compl. ¶ 37.

## II.  LEGAL PRINCIPLES

Intervention is a procedure by which a nonparty can gain party status without the consent of the original parties. *United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, 933 (2009) ("Intervention is the requisite method for a nonparty to become a party to a lawsuit.")  There are two types of intervention: (1) intervention of right, and (2) permissive intervention. *See* Fed. R. Civ. P. 24(a)-(b).

A court must permit an applicant to intervene as a matter of right when: "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Chamness v. Bowen*, 722 F.3d 1110, 1121 (9th Cir. 2013).

Alternatively, under Rule 24(b), a court may also permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Unlike intervention as of right, permissive intervention focuses on possible prejudice to the original parties to the litigation, not the intervenor. *Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998). Thus, "in exercising its discretion, the court is to consider 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1128 n.10 (9th Cir. 2002).

In the Ninth Circuit, Rule 24 "traditionally receives liberal construction in favor of applicants for intervention." *Chamness*, 722 F.3d at 1121. In ruling on a motion to intervene, the Court must accept as true the nonclusory allegations of

the motion and proposed pleading. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 819 (9th Cir. 2001). "A motion to intervene as a matter of right, moreover, should not be dismissed unless it appears to a certainty that the intervener is not entitled to relief under any set of facts which could be proved under the complaint." *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995) (citing *Lake Investors Dev. Group v. Egidi Dev. Group*, 715 F.2d 1256, 1258 (7th Cir. 1983)). Each intervention case is "highly fact specific and tend[s] to resist comparison to prior cases." *Id*. at 321.

## III.  ARGUMENT

Nane Jan's ownership of the SEA SALT® federal trademark registration grants it the exclusive nationwide right to use the SEA SALT® mark in association with restaurant and bar services. *See* 15 U.S.C.A. § 1115(a). Thus, neither of the parties to the present case have any grounds to litigate lawful use of the SE SALT® Mark, and Nane Jan should be permitted to intervene—as a matter of right—to ensure that its significant protectable interest in the SEA SALT® Mark is not damaged by either the unlawful assertion of invalid state trademark registrations, or the continuing and willful infringement, by Seasalt Del Mar.  Alternatively, permissive intervention is appropriate because the rights of Five Greeks are prejudiced by permitting Seasalt Del Mar to continue in its charade as rightful owner of the SEA SALT® Mark, whereas Seasalt Del Mar has no rights in the SEA SALT® mark, so it cannot be prejudiced by inclusion of the actual owner of the property at issue in the action.

### A.  Intervention As A Matter Of Right Is Warranted.

Nane Jan meets each of the four elements required under Ninth Circuit law for permitting intervention as matter of right.

///

///

///

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax : (619) 810-4301

### 1. Nane Jan Has A Significant Protectable Interest In Property That Is The Subject Of The Action.

"An applicant has a 'significant protectable interest' in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). The Lanham Act provides that marks registered on the Principal Register "shall be prima facie evidence" of the validity of the registered mark, of its registration, of the registrant's ownership, and of the registrant's exclusive right to use the mark on the goods or services specified in the registration. 15 U.S.C.A. § 1115(a). Nane Jan is the owner of a federal trademark registration for the mark "SEA SALT" with the United States Patent and Trademark Office (Trademark Registration No. 4,299,923) (March 12, 2013). Compl. ¶13, at Ex. 1.

In the present action, there is a relationship between Nane Jan's legally protected interest in the SEA SALT® Mark and the present lawsuit because Seasalt Del Mar asserts that Five Greeks' use of the mark "BEESALT BALCONY" infringes upon the its California Trademark Registration for "SEASALT DEL MAR." ECF Doc. #1, pgs. 5-6. On the contrary, Seasalt Del Mar has no rights in the SEA SALT® Mark, either because it was erroneously issued well after Nane Jan received its virtually identical registration for identical services, or because Seasalt Del Mar committed fraud on the California Secretary of State in its trademark application when it signed a sworn declaration asserting exclusive ownership of the "SEASALT DEL MAR" mark[2], even after it was on constructive notice of Nane Jan's federal

---

[2] Although California Trademark Registration No. 68806 is for "SEASALT DEL MAR" the application admitted that "DEL MAR" is the geographic location where the restaurant is located, and disclaimed "DEL MAR" from its registration. Thus, Seasalt Del Mar's registration is merely for "SEASALT," a mark which is identical, save for a space between SEA and SALT, to Nane Jan's federally registered service mark.

6     16cv601

NANE JAN, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR LEAVE TO INTERVENE UNDER FED. R. CIV. P. 24

registration and nationwide rights in the SEA SALT® Mark. Nane Jan has a significant protectable interest in maintaining the exclusive nationwide right to use the SEA SALT® Mark, and these interests necessitate that it intervene to seek cancellation of the "SEASALT DEL MAR" California Trademark Registration, and obtain an injunction against further infringement of its SEA SALT® Mark.

### 2. Disposition Of This Case May Impede Nane Jan's Ability To Protect Its Trademark Interests In California.

Consistent with the liberal standard in favor of intervention, a proposed intervenor need not show impairment is an "an absolute certainty." *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 900 (9th Cir. 2011). Rather, the intervenor's interests need only be "'substantially affected in a practical sense by the determination made in an action.'" *Berg*, 268 F.3d at 822. Generally, after determining the applicant has a protectable interest, courts have "little difficulty concluding" the disposition of the case may affect such interest. *Lockyer*, 450 F.3d at 442.

If Seasalt Del Mar's state trademark registration is upheld as valid, and Seasalt Del Mar is found by this Court to be entitled to use the SEA SALT® Mark in Southern California, Nane Jan's federal trademark registration would be undermined, with Seasalt Del Mar's California registration being strengthened in the process. This is problematic because Nane Jan alone is entitled, and obligated, to control the quality of goods and services sold under the SEA SALT® Mark—not Seasalt Del Mar. Seasalt Del Mar has no authority to determine which business names are confusingly similar to the SEA SALT® Mark. Moreover, Nane Jan may be deemed to have abandoned, acquiesced, or otherwise slept on its enforcement obligations with respect to the SEA SALT® Mark if it does not intervene in the present action to establish its exclusive rights as the trademark owner and obtain an injunction against further infringement by Seasalt Del Mar.

///

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

### 3. Nane Jan's Motion To Intervene Is Timely.

The Court must be lenient in applying the timeliness requirement where intervention is sought as a matter of right. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). In determining whether a motion to intervene is timely, courts weigh three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). Courts have found motions to intervene timely under Rule 24(a), months or even years after the original filing of the suit where the issues are not yet joined, or where substantial litigation of the issues had not yet been commenced. So long as a litigation is in its early stages, any delay in filing for intervention may be insignificant, particularly where little discovery has been conducted. *See N. Cal. River Watch v. Fluor Corp.,* 2014 WL 3385287, at *15 (N.D. Cal. July 9, 2014) (granting motion to intervene where discovery had yet to commence and the court had not "significantly engaged the issues."). In this instance, Nane Jan's motion to intervene before Defendant Five Greeks has even filed an Answer to the civil Complaint, and before any discovery has commenced, is clearly timely. Neither party will be prejudiced by the three month delay between filing of suit and the filing of this motion; such delay was reasonable for Nane Jan to contact Seasalt Del Mar and prepare to intervene in the lawsuit.

### 4. The Existing Parties Do Not Adequately Represent Nane Jan's Interests.

The burden of showing inadequate representation is minimal, and doubts about adequacy of representation should be resolved in favor of the intervenor. *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995). In making this determination, the Court must consider three factors: (1) "whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments"; (2) "whether the present party is capable and

willing to make such arguments"; and (3) "whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

In this instance, Five Greeks is not capable of asserting the superior trademark rights of a third party as a basis for arguing an absence of likelihood of confusion. Thus, Five Greeks will not be able to make all arguments that Nane Jane would be entitled to assert on the issue of whether Seasalt Del Mar has trademark rights to assert in California. Additionally, intervention by Nane Jan adds necessary elements to the proceeding—namely, who the actual and true owner of the SEA SALT® mark is, and which parties in the case are actually infringing on Nane Jan's trademark rights.

In summary, Nane Jan is entitled under Rule 24 to intervene as a matter of right.

### B.  Alternatively, Permissive Intervention Is Appropriate.

"[P]ermissive intervention 'requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action.'" *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992)). As summarized earlier, however, permissive intervention focuses on possible prejudice to the original parties to the litigation, not the intervenor. *Donnelly v. Glickman*, 159 F.3d 405, 411 (9th Cir. 1998). Permissive intervention is, alternatively, justified in this case.

Nane Jan has grounds for jurisdiction: this is an action arising under the trademark laws of the United States and the State of Florida; thus, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338 (any act of Congress relating to copyrights, patents, and trademarks), 15 U.S.C. § 1121 (the Lanham Act), and 28 U.S.C. § 1367 (supplemental jurisdiction over related state law claims). Additionally, this Court has personal jurisdiction over

Seasalt Del Mar because it has subjected itself to jurisdiction by filing the present action, and because it offers its restaurant services within this jurisdiction under the SEA SALT® Mark in this jurisdiction. The motion to intervene is timely, for the reasons stated above. And the present case also clearly has a common question of law and fact with the claims sought to be added by way of Nane Jan's intervention— namely, which party is the true owner of, and has the exclusive right to use, the SEA SALT® Mark, both in the United States and California.

## IV. CONCLUSION

For the reasons elaborated herein, Nane Jan prays that this Honorable Court grant Nane Jan leave to intervene in the present action, and pursue the claims contained in the attached proposed Civil Complaint.

Dated: June 27, 2016                HAHN LOESER & PARKS LLP


                                    By:   /s/ Kyle T. Overs
                                          Kyle T. Overs, Esq.
                                          Attorneys for Nane Jan, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 27, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record in this case.

*/s/ Kyle T. Overs*
Kyle T. Overs