Hahn Loeser & Parks LLP
Michael J. Gleason (SBN 279434)
Kyle T. Overs (SBN 286158)
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Telephone: 619.810.4300
Facsimile: 619.810.4301
mgleason@hahnlaw.com
kovers@hahnlaw.com

Attorneys for Nane Jan, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEASALT DEL MAR, LP, a California limited partnership,<br><br>               Plaintiff,<br><br>    v.<br><br>FIVE GREEKS LLC, a California limited liability company d/b/a BEESALT BALCONY,<br><br>               Defendant<br><br>    and<br><br>NANE JAN, LLC, a Florida limited liability company,<br><br>          Third Party Intervenor. | Case No. 3:16-CV-601-JAH-KSC<br><br>**NANE JAN, LLC'S CIVIL COMPLAINT: FEDERAL TRADEMARK INFRINGEMENT; CANCELLATION OF SEASALT DEL MAR'S CALIFORNIA STATE TRADEMARK REGISTRATION**<br><br>**DEMAND FOR JURY TRIAL AND INJUNCTIVE RELIEF**<br><br>**Hon. John A. Houston** |

     Third Party Plaintiff NANE JAN, LLC ("Plaintiff") brings this Complaint to enjoin the continuing and unauthorized use of its registered "SEA SALT" trademark (the "SEA SALT Mark").  Plaintiff also seeks to recover damages and attorney's fees caused by the use of the SEA SALT Mark by Defendant SEASALT DEL MAR, LP ("Defendant"), and to cancel Defendant's erroneously issued, or fraudulently obtained, California Trademark Registration for "SEASALT DEL MAR." Since 2008, Plaintiff has invested significant resources in developing the SEA SALT Mark as a nationally known brand name for its high profile Florida seafood restaurants.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

Defendant now is improperly capitalizing on the goodwill established by the Plaintiff, and unlawfully asserting rights in the SEA SALT Mark. Defendant's conduct constitutes a direct trademark infringement in violation of Federal and California law. Accordingly, Plaintiff sues Defendant and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Nane Jan, LLC is a Florida limited liability company with its principal place of business at 1186 Third Street South, Naples, Florida 34102.

2.      Defendant Seasalt Del Mar, LP is a California limited partnership with its principal place of business at 2282 Carmel Valley Road, Del Mar, California 92014.

3.      This is an action arising under the trademark laws of the United States and the State of California.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338 (any act of Congress relating to copyrights, patents, and trademarks), 15 U.S.C. § 1121 (the Lanham Act), and 28 U.S.C. § 1367 (supplemental jurisdiction over related state law claims).

4.      This Court has personal jurisdiction over Defendant in that, upon information and belief, Defendant actively offers its restaurant and bar services in this District, actively solicits business from consumers residing in this District via the internet (www.seasaltdelmar.com), has entered into contracts with businesses in this District related to its restaurant and bar services, has subjected itself to the jurisdiction of this Court by filing the above-captioned action, and has caused actual confusion among businesses and consumers by way of said actions.  Defendant's actions as alleged in this Complaint have caused and continue to cause tortious injury to Plaintiff and have enabled Defendant to wrongfully derive substantial revenue from activities within the State of California and within this judicial district.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because the events or omissions giving rise to the claim are occurring here, and the Defendant conducts business in this district.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

## FACTUAL ALLEGATIONS AND BACKGROUND

### Sea Salt Restaurant

6.     Plaintiff owns and operates the nationally renowned "Sea Salt" seafood restaurants, with current locations at 1186 Third Street South, Naples, Florida 34102 and 153 2nd Avenue North, St. Petersburg, Florida 33701.

7.     Florida is a prime vacation destination for retirees who migrate to locations such as Naples and St. Petersburg for its warm winter weather; the population of Naples, in particular, can increase over twenty (20) percent during the winter months, with nearly all of the city's visitors having a permanent residence in other states.

8.     Sea Salt opened in November 2008 to both critical and public acclaim.

9.     Sea Salt uses products of the highest quality that are prepared and presented in a unique way, creating a warm, welcoming environment that results in a truly memorable dining experience.  Its contemporary seafood cuisine is prepared from the finest seasonal, organic and sustainable ingredients that come directly from local farmers and day boat fisherman whenever possible.

10.     Sea Salt's chefs and management are experienced and nationally renowned restaurateurs—who owned and operated restaurants of the highest caliber in Italy, the Caribbean, and Washington, D.C. prior to opening Sea Salt in 2008—whose outstanding culinary creations have been honored with prestigious recognition such as the AAA Five Diamond Award and DiRoNa Award.

11.     Sea Salt's clientele includes persons living across the nation, who expect and demand the highest quality service, and pay top market rates for Sea Salt's fine dining experience.

### Plaintiff's Trademarks

12.     Plaintiff first used the SEA SALT Mark on November 15, 2008.

13.     Plaintiff has made continuous use of the SEA SALT Mark since November 15, 2008.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

14.     Plaintiff registered its SEA SALT Mark with the U.S. Patent and Trademark Office ("USPTO").  U.S. Trademark Registration No. 4,299,923 for the SEA SALT Mark was duly and lawfully registered on the Principal Register on March 12, 2013 for use in association with "bar and restaurant services."  A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit 1**.

15.     Federal registration of the SEA SALT Mark acts as constructive notice of Plaintiff's exclusive right to use the registered mark in the United States in association with the claimed services.

16.     Plaintiff has expended substantial sums of money and time in the nationwide development, advertising, and promotion of the SEA SALT Mark.

17.     The ambulatory purchasing buyer class for the bar and restaurant services offered at Nane Jan's Florida Sea Salt restaurants, in conjunction with Nane Jan's national advertising campaigns, have carried the reputation of the SEA SALT Mark across the nation.

18.     As a result, the SEA SALT Mark has achieved substantial nationwide recognition, reputation and good will within the restaurant industry and has come to be recognized and relied upon as originating exclusively with the Sea Salt restaurant and being of a very high quality.

19.     Sea Salt's national and regional reputation are evidenced by its receipt of a number of accolades, including, but not limited to, Wine Spectator's "Award of Excellence" from 2009-2013, Esquire Magazine's Best New Restaurant 2009, Grub Street New York's "101 of America's Most Delicious Noodle Dishes" in 2011, Gulfshore Life Magazine's "Best VIP Dining Service" in 2011, and Gulfshore Life Magazine's "Best Overall Restaurant" in 2010.

20.     Plaintiff understands that its SEA SALT Mark is a critical part of its success as a nationally renowned restaurant, and as a consequence rigorously enforces its trademark rights against third parties who are using marks that are likely to cause marketplace confusion.

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

21.     In *Nane Jan, LLC v. Seasalt and Pepper, LLC*, 2014 WL 5177655 (M.D. Fla. 2014), Plaintiff filed a trademark infringement lawsuit against a restaurant using a business name—"SEASALT AND PEPPER"—which was confusingly similar to the SEA SALT Mark.

22.     In granting Plaintiff a preliminary injunction prohibiting further use of the name SEASALT AND PEPPER, the federal district court rejected various attacks by the defendant, and found Plaintiff to have a valid and protectable mark which was infringed by a competitor's mark that was indisputably similar because it, too, used the "strong distinctive" term "SEA SALT."

23.     As recognized by the federal courts, Plaintiff's U.S. Trademark Registration No. 4,299,923 remains valid and enforceable, and Plaintiff is the owner of all right, title, and interest in the SEA SALT Mark in association with "bar and restaurant services."

### Defendant's Willful Infringement Of Plaintiff's Trademarks

24.     Upon information and belief, Defendant opened a seafood restaurant using the name "Seasalt Del Mar" (the "SEASALT DEL MAR Mark") on or about February 9, 2015, located at 2282 Carmel Valley Road, Del Mar, California 92014.

25.     On February 10, 2015, Capri Concept, LLC, filed an application for state registration of the service mark "SEASALT DEL MAR" with the California Secretary of State. *See* Seasalt Del Mar California Trademark Application attached hereto as **Exhibit** 2.

26.     The Seasalt Del Mar California Trademark application sought registration of "SEASALT DEL MAR" for use with "restaurant, bar and catering services," and alleged a date of first use of the mark on February 9, 2015.

27.     The Seasalt Del Mar California Trademark application included a declaration whereby a representative of Capri Concept, LLC asserted "Applicant declares that the applicant is the owner of the mark, that the mark is in use, and that to the knowledge of the person verifying the application, no other person has

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

registered in this state, or has the right to use the mark, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion, to cause mistake, or to deceive."

28.     On March 17, 2015, Capri Concept, LLC filed an express disclaimer of the words "DEL MAR," except as shown with the applied for mark, explaining that "Del Mar…merely refers to a geographic area which is Del Mar, California where the restaurant is located."

29.     Because Defendant disclaimed "DEL MAR" from its California State Trademark Registration, Plaintiff's SEA SALT Mark and Defendant's SEASALT Mark are identical apart from a single space being inserted in between SEA and SALT.

30.     On April 14, 2015, the California Secretary of State issued a state service mark registration for "SEASALT DEL MAR" to Seasalt Del Mar, LP *See* California Trademark Registration Number 00069806 attached hereto as **Exhibit 3**.

31.     Upon information and belief, Defendant is actively using the "SEASALT DEL MAR" mark in association with the offering of its restaurant, bar and catering services, including, at least, on the website www.seasaltdelmar.com.

32.     Upon information and belief, Defendant was on actual and constructive notice of Plaintiff's federal trademark registration for the SEA SALT Mark *prior* to using the "SEASALT DEL MAR" mark in association with the offering of its restaurant, bar and catering services, as a mere cursory internet search would have revealed Plaintiff's use of the SEA SALT Mark, and search of the USPTO records would have revealed registration by Plaintiff.

33.     Upon information and belief, Defendant was on actual and constructive notice of Plaintiff's federal trademark registration for the SEA SALT Mark *prior* to filing the Seasalt Del Mar California State Trademark Application.

34.     Upon information and belief, Defendant Seasalt Del Mar, LP brought suit in the above-captioned case alleging, among other claims, that Five Greeks, LLC,

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA  92101
Tel: (619) 810-4300 · Fax:  (619) 810-4301

1    infringes its SEASALT DEL MAR Mark by offering restaurant and bar services

2    under the name "Beesalt Balcony."

3        35.    Upon information and belief, Defendant was put on notice of Plaintiff's

4    superior rights in the SEA SALT Mark *prior* to filing the above-captioned action

5    against Five Greeks, LLC.

6        36.    On April 15, 2016, Plaintiff's counsel sent Defendant a letter ("Cease

7    and Desist Letter") notifying it of Plaintiff's longstanding use and exclusive

8    ownership of trademark rights in its SEA SALT Mark, and demanding that

9    Defendant immediately cease and desist its use of the infringing SEASALT DEL

10   MAR Mark.  *See* Cease and Desist Letter (attached hereto as **Exhibit 4**).

11       37.    Defendant refused to comply with Plaintiff's demands outlined in the

12   Cease and Desist Letter, including termination of the use of the SEASALT DEL

13   MAR Mark in association with its bar and restaurant.

14       38.    Defendant has actual knowledge and notice of Plaintiff's SEA SALT

15   Mark, Plaintiff's rights, goodwill, and valuable reputation in and to the SEA SALT

16   Mark.

17       39.    Prior to opening its restaurant, Defendant had constructive notice of

18   Plaintiff's trademark rights by virtue of its federal registration, and should have had

19   actual notice pursuant to even a cursory search of USPTO records at the time of filing

20   its trademark application on February 9, 2015.

21       40.    Despite having this knowledge and without authorization, Defendant has

22   willfully used and continues to use the SEA SALT Mark.  Further, Defendant

23   continues to willfully take advantage of Plaintiff's goodwill and valuable reputation

24   in the SEA SALT Mark, and to convey that its goods and services are of the same

25   high quality and standards as those associated with Plaintiff.

26   ///

27   ///

28   ///

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

41.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1-38, as though fully set forth herein.

42.    Defendant's actions as described herein constitute direct trademark infringement in violation of 15 U.S.C. § 1114, entitling Plaintiff to an injunction, treble it damages, Defendant's profits made from its infringing use of the SEA SALT Mark and increased subject to the principles of equity pursuant to 15 U.S.C. §§ 1116 and 117.

43.    After the adoption and use by Plaintiff of its registered SEA SALT Mark (No. 4,299,923), Defendant has used and continues to use such mark in commerce without Plaintiff's authorization.    Defendant's conduct is willful and with full knowledge of Plaintiff's prior use of and rights to the SEA SALT Mark.

44.    Defendant's continued and unauthorized use of the SEA SALT Mark constitutes infringement and is misleading and deceptive because the restaurant goods and services offered by Defendant are not those of Plaintiff, are not subject to any quality control by Plaintiff as the trademark owner, and are likely to cause confusion as to sponsorship by and/or affiliation with Plaintiff.

45.    Defendant's conduct including, but not limited to, its refusal to comply with Plaintiff's Cease and Desist Letter, is likely to cause, and has caused, consumer confusion and damage to reputation which demonstrates that the acts of trademark infringement have been committed deliberately, willfully, and with the intent and purpose of misappropriating or damaging Plaintiff's goodwill associated with the SEA SALT Mark, thereby constituting a willful violation of 15 U.S.C. § 1114(1) which renders this an exceptional case and entitles Plaintiff to an award of its attorney fees pursuant to 15 U.S.C. § 1117.

46.    Plaintiff has been and will continue to be irreparably harmed by Defendant's unauthorized use of the registered SEA SALT Mark in association with

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

identical services, including usurpation of goodwill, confusion of actual and potential customers and business partners, injury to reputation, and diminution in the value of its intellectual property. Unless Defendant is enjoined, Plaintiff will continue to suffer ongoing and irreparable damages.

47. Plaintiff has no adequate remedy at law, and the balance of the equities favors Plaintiff.

## COUNT II: CANCELLATION OF CALIFORNIA STATE TRADEMARK REGISTRATION NUMBER 69806

48. Plaintiff incorporates by reference the allegations set forth in paragraphs 1-29, as though fully set forth herein.

49. Defendant's California State Trademark Registration Number 69806 was improperly registered, and should be cancelled, because the SEASALT DEL MAR Mark, and its claimed services, are impermissibly similar to the earlier registered SEA SALT Mark (U.S. Trademark Registration No. 4,299,923) and services of Plaintiff.

50. Defendant's California State Trademark Registration Number 69806 was improperly registered, and should be cancelled, because of Defendant's (or a representative of Defendant's) fraud in the procurement of said registration. Namely, Defendant's California trademark application knowingly and falsely asserted, with actual or constructive knowledge of Plaintiff's exclusive rights in the SEA SALT Mark, and an intent to deceive the California Secretary of State on an issue material to registerability, that it was "the owner of the mark, that the mark is in use, and that to the knowledge of the person verifying the application, no other person has registered in this state, or has the right to use the mark, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion, to cause mistake, or to deceive."

51. Plaintiff is entitled to a declaration that California State Trademark Registration Number 69806 was improperly registered, in addition to an Order

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

cancelling California State Trademark Registration Number 69806.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

 (a) That the Court enter judgment in favor of Plaintiff and against Defendant on all counts;

 (b) That the Court issue a preliminary and permanent injunction on all counts, enjoining and restraining Defendant or its agents, servants, employees, successors, and assigns, or any other persons acting in concert with or affiliated with Defendant, from using any trademarks or other proprietary marks, symbols, designs, or logos of Plaintiff;

 (c) That within fifteen (15) days from the date of such Order, Defendant cease all use of the SEASALT DEL MAR Mark in connection with its restaurant, including its use of the SEA SALT Mark on the uniform resource locator www.seasaltdelmar.com, and remove all other items used in connection with the operation of its business which contain infringing marks;

 (d) That Plaintiff recovers its damages on all counts incurred as a result of Defendant's unauthorized use of the SEA SALT Mark including, without limitation, the revenues and profits received by Defendant from such illegal conduct, an enhanced damages award owing to Defendant's continuing and willful infringement, and an award of punitive damages;

 (e) That Plaintiff recovers its reasonable attorneys' fees and expenses incurred in connection with bringing this action, pursuant to 15 U.S.C. § 1117 and all other applicable law;

 (f) That the Court issue an order cancelling California State Trademark Registration Number 69806;

 (g) That all costs of this action be charged against Defendant;

 (h) That the Court award Plaintiff prejudgment and post-judgment interest at the maximum rate allowable by law;

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

1       (i)    That the Court grant such other and further relief as it deems just

2  and proper.

3  **DEMAND FOR JURY TRIAL**

4      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff requests a trial by

5  jury on all issues so triable.

6

7  Dated: June 27, 2016           HAHN LOESER & PARKS LLP

8

9            By:  */s/ Kyle T. Overs*

10                 Kyle T. Overs, Esq.

               Attorneys for Nane Jan, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Hahn Loeser & Parks, LLP
One America Plaza
600 W. Broadway, Suite 1500
San Diego, CA 92101
Tel: (619) 810-4300 · Fax: (619) 810-4301

### TABLE OF CONTENTS OF EXHIBITS

| Exhibit No. | Beginning Page No. | Description |
|---|---|---|
| 1 | 1 | Certificate of Registration |
| 2 | 3 | Seasalt Del Mar California Trademark Application |
| 3 | 8 | California Trademark Registration Number 00069806 |
| 4 | 9 | Cease and Desist Letter |

# EXHIBIT 1



# United States of America

### United States Patent and Trademark Office

# SEA SALT

**Reg. No. 4,299,923**        NANE JAN, LLC (FLORIDA LIMITED LIABILITY COMPANY)
                                              1186 THIRD STREET SOUTH
**Registered Mar. 12, 2013**   NAPLES, FL 34102

**Int. Cl.: 43**              FOR: BAR AND RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

                                              FIRST USE 11-15-2008; IN COMMERCE 11-15-2008.
**SERVICE MARK**

**PRINCIPAL REGISTER**         THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
                                              TICULAR FONT, STYLE, SIZE, OR COLOR.

                                              SER. NO. 85-282,404, FILED 3-31-2011.

                                              ELLEN PERKINS, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

Exhibit 1 to Complaint
000001

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are
based on the U.S. registration date (not the international registration date). The deadlines and grace periods
for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.
*See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications
at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the
International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol,
before the expiration of each ten-year term of protection, calculated from the date of the international
registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration,
see http://www.wipo.int/madrid/en/.

**NOTE:   Fees and requirements for maintaining registrations are subject to change.   Please check the
USPTO website for further information.   With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at** http://www.uspto.gov.

Page: 2 / RN # 4,299,923

Exhibit 1 to Complaint
000002

# EXHIBIT 2



# State of California
## Secretary of State

### REGISTRATION OF TRADEMARK OR SERVICE MARK
Pursuant to Business and Professions Code sections 14207 and 14235
**IMPORTANT – Read instructions before completing this form.**

| REGISTRATION APPLICATION FOR (Check One): | ☐ TRADEMARK | ☒ SERVICE MARK |
|---|---|---|

**1. NAME OF OWNER OF MARK (REGISTRANT)**
Seasalt Del Mar, LP

| 2. BUSINESS ADDRESS OF REGISTRANT | CITY AND STATE | ZIP CODE |
|---|---|---|
| 2282 Carmel Valley Road | Del Mar, CA | 92014 |

**3. BUSINESS STRUCTURE OF REGISTRANT (Check One and Complete)**

☐ CORPORATION (State of Incorporation)_____

☐ SOLE PROPRIETOR

☐ LIMITED LIABILITY COMPANY (State of Organization)_____

☐ SPOUSES, AS COMMUNITY PROPERTY

☒ LIMITED PARTNERSHIP (State of Organization) California

☐ DOMESTIC PARTNERS, AS COMMUNITY PROPERTY

☐ GENERAL PARTNERSHIP (State of Organization)_____

☐ OTHER (Describe)_____

**4. NAMES OF GENERAL PARTNERS, IF REGISTRANT IS A PARTNERSHIP**
Capri Concept, LLC

**5. NAME AND/OR DESIGN OF MARK.** (For design, provide a brief written description that can be pictured in the mind without reference to the specimens. Do not draw the design on the application. Attach a drawing of the mark.)

SEASALT DEL MAR

The mark consists of standard characters without claim to any particular font style, size, or color.

**6. DISCLAIMER (If Applicable) NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE THE TERM:**
Del Mar

| 7a. DATE THE MARK WAS FIRST USED IN CALIFORNIA | 7b. DATE THE MARK WAS FIRST USED ANYWHERE |
|---|---|
| February 9, 2015 | February 9, 2015 |

**8a. IF A TRADEMARK, LIST SPECIFIC GOODS. IF A SERVICE MARK, LIST SPECIFIC SERVICE.**

Restaurant, Bar and Catering Services.

THIS SPACE FOR FILING OFFICER USE
TRADEMARK OR SERVICE MARK
REG. NO. **00069806**
CLASS NO.(S) 43

**FILED**
Secretary of State
State of California

APR 14 2015

**8b. CLASS NUMBER(S)** 043

**9. RETURN ACKNOWLEDGMENT TO: (Type or Print)**

NAME ⌐ Jay Kopelowitz ⌐
ADDRESS 12702 Via Cortina, Suite 700
Del Mar, CA 92014
CITY/STATE/ZIP L ⌐

SEC/STATE TM 100 (REV. 08/2010)                (Page 1 of 2)                FILING FEE: $70.00 PER CLASSIFICATION

Exhibit 2 to Complaint
000003

10. INDICATE WHETHER AN APPLICATION TO REGISTER THE MARK, OR PORTIONS, OR A COMPOSITE THEREOF, HAS BEEN FILED BY THE REGISTRANT OR A PREDECESSOR IN INTEREST WITH THE UNITED STATES PATENT AND TRADEMARK OFFICE.

FILING DATE _____ SERIAL/FILE NO._____ STATUS OF APPLICATION _____

IF REFUSED, WHY? _____

**XX**   CHECK HERE IF THIS ITEM DOES NOT APPLY

11. MANNER IN WHICH THE MARK IS USED (Check all that apply)

**FOR TRADEMARKS ONLY**

- ☐ ON LABELS AND TAGS AFFIXED TO THE GOODS
- ☐ ON LABELS AND TAGS AFFIXED TO CONTAINERS OF THE GOODS
- ☐ BY PRINTING IT DIRECTLY ONTO THE GOODS
- ☐ BY PRINTING IT DIRECTLY ONTO THE CONTAINERS OF THE GOODS
- ☐ OTHER _____

**FOR SERVICE MARKS ONLY**

- **XX** ON BUSINESS SIGNS
- **XX** ON ADVERTISING BROCHURES
- **XX** ON ADVERTISING LEAFLETS
- **XX** ON BUSINESS CARDS
- ☐ ON LETTERHEADS
- **XX** ON MENUS
- **XX** OTHER **Restaurant Gift Cards**

12. SPECIMENS (Check one box below and enclose three (3) identical original specimens showing current use of the mark.)

**FOR TRADEMARKS ONLY**

- ☐ ACTUAL LABELS
- ☐ ACTUAL TAGS
- ☐ PHOTOGRAPHS OF GOODS/CONTAINERS SHOWING THE TRADEMARK
- ☐ FRONT PANELS OF A PAPER CONTAINER BEARING THE TRADEMARK
- ☐ OTHER _____

**FOR SERVICE MARKS ONLY**

- ☐ BUSINESS CARDS
- ☐ ADVERTISING BROCHURES
- ☐ ADVERTISING LEAFLETS
- **XX** MENUS SHOWING THE MARK
- ☐ OTHER _____

13 DECLARATION OF OWNERSHIP

Applicant declares that the applicant is the owner of the mark, that the mark is in use, and that to the knowledge of the person verifying the application, no other person has registered in this state, or has the right to use the mark, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion, to cause mistake, or to deceive.

14. DECLARATION OF ACCURACY

**00069806**

Applicant declares that all the information contained in this registration is accurate and if the applicant willfully states in the registration any material fact that the applicant knows to be false, the applicant shall be subject to a civil penalty of not more than ten thousand dollars ($10,000.00).

2/10/2015
DATE

_____
SIGNATURE OF AUTHORIZED PERSON

**Salvatore Ercolano, Manager of General Partner**
TYPE OR PRINT NAME AND TITLE **Capri Concept, LLC**

SEC/STATE TM 100 (REV. 08/2010)          (Page 2 of 2)          FILING FEE: $70.00 PER CLASSIFICATION

Exhibit 2 to Complaint
000004

00069806

**STATEMEMNT OF NON-FOREIGN WORD**

Applicant:                          **Seasalt Del Mar, LP**
Applicant's Address:         **2282 Carmel Valley Road, Del Mar, California  92014**
Mark:                               **SEASALT DEL MAR**
Standard Character Claim:  **The mark consists of standard characters without claim to any particular font style, size, or color.**

Applicant hereby states that the word "Del Mar" is not being used as a foreign word.  It merely refers to a geographic area which is Del Mar, California where the restaurant is located.

Dated: 3-17-15

_____
Signature of Authorized Person
Salvatore Ercolano, Manager of General
Partner Capri Concept, LLC

Exhibit 2 to Complaint
000005

00069806

**DRAWING SHEET**

Applicant:                    **Seasalt Del Mar, LP**
Applicant's Address:          **2282 Carmel Valley Road, Del Mar, California  92014**

# SEASALT DEL MAR

Exhibit 2 to Complaint
000006

Exhibit 2 to Complaint
000007

## Basic Rolls

**Veggie Roll** — 7.00
grilled asparagus, avocado, cucumber, sprouts, carrots and green onions

**California Roll** — 8.00
imitation crab, avocado and cucumber

**Spicy Tuna Roll** — 8.00
spicy tuna, sprouts and cucumber

**Spicy Salmon Roll** — 8.00
jalapeño, salmon, sprouts, cucumber and green onions

**Spicy Yellowtail Roll** — 8.00
chopped spicy yellowtail, sprouts, cucumber and green onion

**Albacore Roll** — 8.00
chopped albacore, cucumber, green onions and sesame dressing

**Shrimp Tempura Roll** — 8.00
shrimp tempura, crab, avocado, cucumber and eel sauce

## Specialty Rolls

**Tarantino Roll** — 16.00
in: spicy tuna, shrimp tempura and cucumber top: yellowtail, ahi, avocado and jalapeño served seared with eel sauce and wasabi aioli

**Sunset Roll** — 15.00
in: spicy crab, shrimp tempura and cucumber top: salmon, tuna, avocado and lemon served with spicy aioli and eel sauce

**858 Roll** — 14.00
in: sesame albacore, shrimp tempura, cucumber top: yellowtail, avocado, mango salsa, tobiko and wasabi aioli

**Yellopeño Roll** — 14.00
in: fresh chopped yellowtail, jalapeño and cucumber top: yellowfin tuna, eel sauce, chili oil and green onions

**Del Mar Garlic Roll** — 14.00
in: spicy tuna, shrimp tempura, cucumber top: fresh albacore and garlic, seared and served with tangy sweet sauce

**Rainbow Roll** — 12.00
in: crab and cucumber top: tuna, salmon, yellowtail and avocado

**Ellikai Roll** — 12.00
in: shrimp tempura and cucumber top: spicy tuna pressed with crunchies and topped with eel sauce, spicy aioli and green onions

**DAILY SOUPS**
Clam Chowder
Soup of the Day

## Sides
**$6.00**
House Fries • Truffle Mac & Cheese
Garlic Spinach • Wild Mushrooms
Saffron Risotto • Vegetable Tempura
Caramelized Onion Garlic Mashed Potatoes

# Seasalt
Del Mar

## SEAFOOD BISTRO

0006980

2282 Carmel Valley Rd.
Del Mar, CA 92014
858-755-7100
www.seasaltdelmar.com

# EXHIBIT 3

# State of California
## Secretary of State

## CERTIFICATE OF REGISTRATION OF SERVICE MARK

*I, ALEX PADILLA,* Secretary of State of the State of California, hereby certify:

| | |
|---|---|
| Service Mark Reg. No.: | 69806 |
| Name of Registrant: | Seasalt Del Mar, LP |
| Business Address: | 2282 Carmel Valley Road, Del Mar, CA 92014 |
| State of Incorporation/ Organization: | California |
| Names of General Partners: | Capri Concept, LLC |
| Date First Used in California: | February 9, 2015 |
| Date First Used Anywhere: | February 9, 2015 |
| Description of Service Mark: | SEASALT DEL MAR (Disclaim: Del Mar) |
| Description of Services with which the Service Mark is Used: | Restaurant, bar and catering services. |
| Class Number(s): | 43 |
| Date of Registration: | April 14, 2015 |
| Term of Registration Extends to and Includes: | April 14, 2020 |

In accordance with the application filed in this office, the Service Mark described above has been duly registered.   A copy, specimen, facsimile, counterpart or a reproduction of the mark is attached.

IN WITNESS WHEREOF, I execute this certificate and affix the Great Seal of the State of California this 23rd day of April 2015



**ALEX PADILLA**
**Secretary of State**

*NP-25 (REV 01/2015)*

Exhibit 3 to Complaint
000008

# EXHIBIT 4



Jeanne L. Seewald

Direct Phone:  239.254.2905
Direct Fax:  239.254.2942
Email:  jseewald@hahnlaw.com

April 15, 2016

**VIA FEDERAL EXPRESS**

Jay Kopelowitz, Esq.
Kopelowitz & Assocs.
12702 Via Cortina, Suite 700
Del Mar, CA 92014

Darren J. Quinn, Esq.
Law Offices of Darren J. Quinn
12702 Via Cortina, Suite 105
Del Mar, CA 92014

Re:     **Seasalt Del Mar Trademark Infringement**

Dear Mr. Kopelowitz:

This firm represents Nane Jan, LLC, a Florida limited liability company d/b/a Sea Salt ("Sea Salt"), in its intellectual property matters. Our client has used the trademark SEA SALT (the "SEA SALT Trademark") in association with its seafood restaurant and bar services since at least as early as November 2008, and has established substantial goodwill and valuable customer recognition in the SEA SALT Trademark. Sea Salt also is the owner of Federal Trademark Registration No. 4,299,923, issued by the United States Patent and Trademark Office ("USPTO") for the SEA SALT Trademark in association with restaurant and bar services, which grants Sea Salt the exclusive nationwide right to use the SEA SALT Trademark throughout the United States. Sea Salt considers its SEA SALT Trademark to be an indispensable part of its business and has successfully pursued infringers in federal court litigation designed to prevent marketplace confusion associated with unauthorized third party use of the SEA SALT Trademark. *See Nane Jan v. Seasalt and Pepper*, 14-cv-208 (M.D. Fla. 2014).

It recently came to our attention that Seasalt Del Mar, LP ("SSDM") opened an Italian-themed seafood restaurant in California. We also are aware that SSDM obtained a California state trademark registration for the mark SEASALT DEL MAR, including a disclaimer of the DEL MAR portion, and asserted these purported trademark rights against the Del Mar restaurant Beesalt Balcony ("Beesalt"). Still further, we have been informed that Beesalt put SSDM on notice of our client's ownership of a federal trademark registration for the SEA SALT Trademark and, in spite of this fact, SSDM elected to file a federal lawsuit against Beesalt

Exhibit 4 to Complaint
000009



Jay Kopelowitz, Esq.
Darren J. Quinn, Esq.
April 15, 2016
Page 2

alleging false designation of origin and state trademark infringement claims (the "Beesalt Litigation"). In reality, it is SSDM that is making unauthorized use of the SEA SALT Trademark and, by doing so, is trading unlawfully upon the goodwill established by our client's longstanding use of the SEA SALT Trademark.

Federal registration of the SEA SALT Trademark provides Sea Salt with certain proprietary rights which include the right to restrict the use of the SEA SALT Trademark, or a confusingly similar mark, in association with confusingly similar products or services.  SSDM is using the mark SEASALT DEL MAR (the "Infringing Mark") in its advertising materials in print and, upon information and belief, on the Internet for promotion of its restaurant. The Infringing Mark is not only confusing similar to the SEA SALT Trademark, it is identical other than the fact that it does not contain a space between the words "sea" and "salt" and includes the additional geographically descriptive phrase "DEL MAR" (which, by way of your California registration disclaimer, frames your business name as merely SEASALT). The use of the Infringing Mark by SSDM to represent restaurant and bar services is likely to cause confusion among consumers in that consumers are likely to be led to believe that there is an association, affiliation, or sponsorship between SSDM and the business, services and products of Sea Salt when, in fact, there is no such association. Such unauthorized use of the SEA SALT Trademark constitutes infringement of our client's federal trademark rights and cannot be tolerated.

Pursuant to 15 U.S.C. §1117, infringement of the SEA SALT Trademark exposes SSDM to liability for any profits earned under the Infringing Mark, actual damages, and the costs of the action. Additionally, Sea Salt may be entitled to injunctive relief, an award of its attorney's fees (an increasingly common scenario, post-*Octane Fitness*), and treble damages since SSDM was on both constructive and actual notice of our client's trademark rights. Further, officers and directors of a corporation may be held personally liable for trademark infringement when it can be established that the officer or director directed the infringement or used the corporation in a willful and intentional manner to carry out the infringement.  If required to pursue this matter, we will be investigating the merits of this claim further.

In addition, it appears that SSDM may have perpetrated fraud upon the State of California by attesting as part of its state trademark application that it is the rightful owner of the mark SEASALT DEL MAR and that no other person has a right to use the mark.  A mere cursory review of the USPTO database would have uncovered our client's registration and superior rights in the SEA SALT Trademark.  We will be investigating this issue further.

Accordingly, Sea Salt hereby demands that SSDM immediately cease and desist any and all use of the SEA SALT Trademark in connection with its business.  We invite counsel to contact the undersigned to discuss the precise parameters of the required name change, which must include, at a minimum, the following: (1) removal of the SEA SALT Trademark from signage, menus, all advertisements and SSDM's business name; (2) deactivation of the SSDM domain name located

Exhibit 4 to Complaint
000010

**HAHN HL LOESER**

Jay Kopelowitz, Esq.
Darren J. Quinn, Esq.
April 15, 2016
Page 3

at www.seasaltdelmar.com; and (3) express cancellation of California Trademark Registration Number 69806.

If we have received no response from SSDM within the next ten (10) days regarding its intent to comply, our client will consider all of its legal options to stop SSDM's infringing use of the SEA SALT Trademark including, the filing of legal action against SSDM for federal trademark infringement, related unfair competition claims and cancellation of SSDM's California trademark registration.  If such course of action becomes necessary, we will seek recovery of all attorney's fees expended by my client in pursing this action as well as all damages available to my client under federal and state law. Additionally, if we are required to intervene in the Beesalt Litigation, SSDM should expect that such involvement will be coupled with a motion for sanctions against litigation counsel, pursuant to Rule 11, as these claims were objectively unreasonable when brought with full knowledge of our client's federal SEA SALT registration and SSDM's complete absence of any rights in the SEA SALT Trademark.

Cordially yours,

HAHN LOESER & PARKS LLP

Jeanne L. Seewald
Florida Bar Board Certified as a
Specialist in Intellectual Property Law

JLS/caf
8395513.2

Exhibit 4 to Complaint
000011